UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CALVIN WAYNE CUNNINGHAM, No. 1056160

    Petitioner,

v.                                                  Case No. 2:19-cv-643

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Calvin Wayne Cunningham ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 13. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2018, Petitioner pleaded guilty to, and was convicted of, larceny, use of

false identification, attempted flight from a law enforcement officer, and obstruction of justice in the Circuit Court for the City of Chesapeake ("the Trial Court"). ECF No. 1 at 1; ECF No. 14 at 3–4. Notably, Petitioner was charged and convicted under the felony statute for larceny, Code of Virginia § 18.2-104, because he had twice or more previously been convicted of offenses deemed to be larceny. ECF No. 14 at 3. On November 27, 2018, the trial judge sentenced Petitioner to a total active sentence of twenty-four months. ECF No. 1 at 1; ECF No. 14 at 4. Petitioner did not appeal the judgment, nor did he file any other post-conviction challenge in the state courts. ECF No. 14 at 1.

Petitioner filed the instant *pro se* §2254 Petition for federal habeas relief, ECF No. 1, on November 14, 2019.[1] He presents three claims in support of his petition.

> 1. A violation of his Due Process rights under the Fifth Amendment of the United States Constitution because his "current charge is a [predicated] offense, *i.e.*, prior offenses or lack thereof impact this offense," "partially based on a wrongful conviction" that was set aside by a writ of actual innocence granted in 2011.
> 2. A violation of his rights under the Eighth Amendment of the United States Constitution by convicting him of a third or subsequent offense when due to the writ of actual innocence, "may not be" a third time
> 3. A violation of his rights under the Fourteenth Amendment of the United States Constitution "for failure to provide Due Process, failure to afford fundamental fairness, and failure to afford Equal Protections."

ECF No. 14 at 4–5 (quoting the supporting facts from the Petition, ECF No 1 at 5,7–8.). Referencing the process by which he was exonerated from a 1981 conviction by writ of actual innocence,[2] Petitioner explains that he did not exhaust his state remedies because, " [f]orcing [him] to exhaust filings in the very courts which have been proven to be both unfair and

---

[1] Although Petitioner did not certify when he placed the petition in the prison mailing system, *see* ECF No. 1 at 16, the Court notes that the postmark on the envelope indicates the post office mailed the petition on November 14, 2019. ECF No. 1, attach. 1. Accordingly, the Court uses that date for the filing date, in accordance with the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988).

[2] In 1981, Petitioner was convicted of Rape and Burglary with Intent to Commit Rape, however in 2011 he "received a Writ of Actual Innocence from the State of Virginia" ECF No. 1 at 5; No. 15 attach 3.

ineffective to [him] prior, would cause significant time delay and cause both [petitioner] and [his] family undue hardship." ECF No. 1 at 5. On July 1, 2020, Respondent filed a Motion to Dismiss, memorandum in support, a Rule 5 Answer, and a *Roseboro* notice. *See* ECF Nos. 12–15. On July 27, 2020, Petitioner filed a response to Respondent's Motion to Dismiss. ECF No. 16. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

A. Exhaustion

At the outset, the Petition is neither successive, nor time bared. However, before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition. Section 2254 allows a prisoner held in state custody to challenge detention on the grounds that their custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing[.]" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011)). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618 (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994), *cert. denied*, 1997 U.S. LEXIS 6894 (1994)). To satisfy the exhaustion requirement, two conditions must be met: (1) the prisoner must seek review of his claim in the highest state court with jurisdiction to consider it through direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838,

3

844–45 (1999); and (2) the "essential legal theories and factual allegations advanced in the federal court [must be] the same as those advanced at least once in the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir. 1988); *Wise v. Warden*, 839 F.2d 1030, 1033–34 (4th Cir. 1988); *Daye v. Attorney Gen.*, 696 F.2d 186 (2d Cir. 1982)).

Here, Petitioner indicates that he did not appeal the judgment, nor did he file any other post-conviction challenge to the state court judgment. ECF No. 1 at 5. Instead, he attempts to demonstrate the ineffectiveness of such remedies. He argues that this case is exceptional and that this Court is the proper venue, due to his history of litigation and alleged bias in the state court system. ECF No. 16 at 4. Petitioner specifically claims that exhausting his state court remedies would be an undue hardship because the state courts "have been proven to be both unfair and ineffective" in light of his wrongful conviction in 1981, and eventual exoneration through a writ of actual innocence thirty years later. ECF No. 1 at 5; ECF No. 16 at 3–4. Petitioner further claims that the state court's bias against him based on his prior wrongful conviction would in turn render any effort to exhaust his state remedies futile. *Id.* Petitioner contends, therefore, that exceptional circumstances permit him to bypass that state court for federal relief. *Id.* at 2-3.

Petitioner's assertion that exceptional circumstances permit him to bypass the state court misses the mark. The Supreme Court has recognized that, under certain circumstances, the district court has the authority to hold a habeas petition in abeyance in order to allow a petitioner to present unexhausted claims to the state court, and then return to the federal court for review of a fully exhausted petition. *Rhines v. Weber*, 544 U.S. 269, 277–79 (2005). That authority does

4

not include the power to totally disregard the exhaustion requirement, but merely to stay the federal court proceeding until the petitioner can go back to the state court and give it the opportunity to consider the alleged error. *Id.* Moreover, exercise of that authority requires finding that the petitioner has demonstrated good cause for failing to exhaust, that the unexhausted claims are not plainly meritless, and that the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.*

Noting Petitioner's frustration over the prior litigation, his concerns for potential futility are insufficient to overcome the exhaustion requirement that ensures the state court's "full and fair opportunity" to consider the present claims. "If a defendant perceives a constitutional claim and believes it may find favor in the federal court, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Engle v. Isaac,* 465 U.S. 107, 130 (1982). Consequently, Petitioner's subjective perception of futility in state court does not establish good cause for failing to exhaust his claims. *Rhines*, 544 U.S. at 277. ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

Accordingly, Petitioner has not met his burden of proving that his claims were exhausted. Likewise, he has not offered a sufficient excuse for failing to exhaust, thereby requiring the Court to **FIND** that Petitioner has not satisfied the exhaustion prerequisite to pursuing federal habeas relief because his claims have not been presented to the highest state court, the Supreme Court of Virginia. *See Smith v. Atty. Gen. of Va.*, No. 2:09CV513, 2010 WL 3003514, at *4

(E.D. Va. June 8, 2010), *report and recommendation adopted sub nom. Smith v. Sheriff of City of Richmond*, No. 2:09CV513, 2010 WL 3003449 (E.D. Va. July 29, 2010) ("A petitioner's claims are exhausted if both the operative facts and the controlling legal principles . . . have been presented at least once to the highest state court."(internal citations omitted)). Because Petitioner failed to file a petition in state court, a federal court ruling would deny the state court a full and fair opportunity to consider Petitioner's claims. *See O'Sullivan*, 526 U.S. at 845 (explaining that the purpose of the exhaustion doctrine is "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). Therefore, the Petitioner is barred from pursuing federal habeas review due to his failure to exhaust.

B. Procedural Default

In addition to Petitioner's failure to exhaust, his claims are procedurally defaulted and barred from review on the merits in this court. "A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Generally, the doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). However, "[a] procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998)(quoting *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). When presented for federal habeas

review, "[a] federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006)(quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). As the Supreme Court has observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

As previously stated, Petitioner never presented his claims to the highest state court. Thus, all of his claims are unexhausted. Similarly, his claims would be procedurally barred on independent grounds in the state court in which Petitioner was initially required to exhaust his claims. The specific grounds for procedural bar in state court include timeliness, failure to seek direct appeal, and the signed statement of facts incorporated into his guilty plea. All of Petitioner's claims depend on his assertion that the trial court failed to adequately account for his 2011 writ of actual innocence issued by the Supreme Court of Virginia when they elevated his misdemeanor larceny conviction to a felony third or subsequent offense under Code of Virginia §18.2-104. Notably, the basis for this assertion was known and available to him at the time of his guilty plea and the conclusion of the proceedings in the trial court. The final order for Petitioner's conviction and sentencing was entered on December 10, 2018, and his opportunity to notice his appeal and seek direct review of his conviction expired thirty days later on January 9, 2019. Va. Sup. Ct. R. 5A:6; ECF No. 14 attach 1 at 3–5. Consequently, if Petitioner were to now present these claims to the state court, they would be considered untimely and procedurally barred for direct appeal, as well as, procedurally defaulted for purposes of state habeas review. *See Slayton v. Parrigan*, 217 Va. 27, 29, 205 S.E.2d 680, 682 (1974)(holding that a state habeas petitioner "is not entitled to use habeas corpus to circumvent the trial and appellate processes for

an inquiry into an alleged non-jurisdictional defect of a judgment of conviction."). Therefore, in addition to being unexhausted, it is clear that state law would bar appellate and habeas review of these non-jurisdictional claims, which in turn, precludes federal habeas review under the doctrine of procedural default.

Moreover, if Petitioner had properly exhausted these claims, he would have also been faced with the procedural hurdles surrounding the review of his guilty plea. Petitioner specifically alleges that he was denied due process because the predicate charges for his current conviction were affected by the 1981 wrongful conviction for which he was exonerated. However, Petitioner failed to acknowledge his 2018 guilty plea and the signed stipulation of facts, in which he admitted that he had "previously been convicted of more than 2 larcenies". ECF No. 14, attach. 5. Petitioner does not allege that the trial court relied on the vacated conviction in the 2018 conviction or sentence, but he does argue that the vacated conviction played a role in all but one of the predicate larceny convictions. ECF No. 16 at 5. Petitioner further asserts that his present and prior guilty pleas were not voluntary, as proscribed by the relevant standard, because they were the product of a cost-benefit analysis guided by concern for receiving a conviction at trial. *Id.* at 4–5.

Both state and federal courts affirm that a voluntary and intelligent guilty plea is an admission of the facts in the indictment. *See Starrs v. Commonwealth*, 287 Va. 1, 10, 752 S.E.2d 812, 818 (2014)("The effect of the plea of guilty . . . is a record admission of whatever is well charged in the indictment . . . . It admits all the criminating facts alleged and the statutory elements of the offense charged."(citations omitted)); *U.S. v. Willis,* 992 F.2d 489, 490 (4th Cir. 1993)("A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge, and constitutes an admission of all material facts alleged in the

8

charge."(citations omitted)). Additionally, "a guilty plea constitutes a waiver of all non-jurisdictional defects, including the right to contest the factual merits of the charges." *Willis*, 992 F.3d at 490(internal citations omitted). Upon review of a petitioner's guilty plea "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." *Broce*, 488 U.S. 563, 569 (1989) (holding that "the plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts").

Despite the alleged impact of Petitioner's 2011 exoneration, his guilty plea and the related stipulation of facts function as an admission that Petitioner had at least two prior larceny convictions that were valid predicates for the current felony conviction for a third or subsequent larceny offense. The existence of the predicate convictions is also well supported by Petitioners criminal history that contains ten prior, unrelated and intervening convictions for larceny.[3] ECF No. 14 at 9–10. Ultimately, Petitioner's argument that only one of his prior larceny convictions accurately accounted for his 2011 exoneration is superseded by the expressed admission within the signed stipulation of facts and the presumptive waiver of all non-jurisdictional defects.

Nevertheless, any collateral review of Petitioner's guilty plea would be limited to the voluntary and intelligent nature of the plea. Petitioner's assertion that the plea was involuntary due to his cost benefit analysis of going to trial does not lessen the effect of the resulting admission. If anything, it demonstrates the Petitioner's degree of contemplation and ability to comprehend the application of law to facts in his case. Thus, Petitioner's claims would also be procedurally barred in state court based on his knowing and voluntary guilty plea. Accordingly, in light of his timeliness, failure to seek direct appeal, and the signed statement of facts

---

[3] Both at sentencing and in the administrative record, the state prosecution provided certified copies of Petitioner's ten prior larceny convictions. ECF No. 14, attach. 5.

9

incorporated into his guilty plea, Petitioner has procedurally defaulted his unexhausted claims as they would now be procedurally barred in state court.

Finally, there does not appear to be adequate cause or prejudice to overcome Petitioner's procedural default and permit federal habeas review, nor has Petitioner demonstrated a fundamental miscarriage of justice. "In order to demonstrate 'cause' for the default, [Petitioner] must establish 'that some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 143 F.3d at 620 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner's only claim that can be construed as cause for procedural default is his assertion regarding the futility of pursuing state remedies. As previously stated, futility alone is not adequate cause for procedural default. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982). Thus, Petitioner's concern regarding the fairness and ineffectiveness of state collateral review of his claims, in light of his prior experience surrounding the 2011 writ of actual innocence, was not an objective factor that impeded his efforts to raise the claim in state court at the appropriate time. In fact, Petitioner's concerns regarding the state court are wholly subjective, and unrelated to his current conviction. They in no way impeded him from asserting these claims, which were apparent and in existence, at the appropriate time immediately following his conviction. Consequently, there is no cause for the procedural default, and the Court need not proceed to the issue of prejudice. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that once the court determines there is an absence of cause, the court need not discuss the issue of prejudice.).

The Court may excuse Petitioner's failure to exhaust if Petitioner is able to "demonstrate that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, 2010 WL 5825427, at *3 (citation omitted). "[I]n order to demonstrate that a

miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). Petitioner has not argued with any specificity that he meets the miscarriage of justice exception to the exhaustion requirement, as he has not declared or contended he is innocent of the underlying larceny charge.

Therefore, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**.

### III. RECOMMENDATIONS & CONCLUSIONS

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED;** and the Petition, ECF No. 1 be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 30, 2020